FRUGÉ, Judge.
Suit was filed by the plaintiffs, Ray Carpenter and his wife, Mrs. Rita R. Carpenter, against the defendants, L. C. Bros-sette and Allstate Insurance Company, for property damage and personal injuries resulting from the alleged negligence of Brossette. Judgment was rendered against the plaintiffs, who have appealed from that judgment. We affirm.
On June 29, 1973, Mrs. Carpenter parked her automobile on the north side of St. Denis Street in Natchitoches, Louisiana. Her purpose was to allow her daughter to exit from the automobile and perform an errand across the street. The street in question was a one-way street, the traffic flow being in a westerly direction. The car was parked on the right or north side *816 of the street. After the little girl had departed from the automobile, the defendant, driving a 1966 Ford pickup, ran into the Carpenter automobile. Contact was made between the right front of the defendant’s vehicle and the left rear door of the plaintiff’s vehicle, the damage amounting to $337.79.
Suit was filed by the plaintiffs on August 13, 1973, wherein Mr. Carpenter alleged damages to his automobile due to the accident and Mrs. Carpenter alleged personal injuries as a result thereof. She alleged that she was violently thrown about in the automobile as a result of the collision and that she received a strain of the cervical and dorsal spine and aggravation of a previously existing neck and head injury which resulted in severe pain and suffering to her. Mr. Carpenter alleged that he had incurred medical expenses in the amount of $165.00 in connection with his wife’s injuries. Mrs. Carpenter alleged damages totaling $4,500.00 for her pain and suffering. The alleged negligence of the defendant was in his failure to keep a proper lookout and in failing to maintain control over his vehicle. An answer was filed by the defendants denying the allegations of the plaintiffs’ petition and arguing that the accident was caused solely by the negligence of Mrs. Carpenter in failing to park the vehicle within the properly designated parking areas, in failing to keep a proper lookout, and in allowing the car door to be opened when the plaintiff knew or should have known that the car door would be struck by a passing vehicle. The defendants, therefore, prayed for a dismissal of the plaintiffs’ demands at their cost. A supplemental and amended answer was filed by the defendants further alleging negligence on the part of Mrs. Carpenter in parking the vehicle in a no parking zone in direct violation of the law and in allowing the car door to be opened while the car was improperly parked.
After the taking of evidence in this matter, the trial judge rendered an opinion dismissing the demands of the plaintiffs. After considering the testimony of the witnesses and the physical evidence submitted at the trial, the court found that the Carpenter vehicle had been improperly parked in that the car was parked too far away from the concrete curb so that the left side of the vehicle overlapped the painted parking lines causing the left side to protrude into the lane of travel of the narrow, one-way street. The court further held that the left rear door of the Carpenter vehicle had been partially open at the time of the collision. This conclusion was reached based on photographs showing the damage to the defendant’s vehicle and the description of the damage to the plaintiff’s vehicle given by a body repairman who had inspected the vehicle. The court found that the door had been partially opened either by plaintiff’s 12-year-old daughter who had gotten out of the vehicle to go across the street to pay a bill, or by plaintiff’s 14-year-old daughter who was sitting next to that door. The court found that it was negligence on the part of Mrs. Carpenter in tially opened, and that this negligence was imputed to Mr. Carpenter. He found negligence on the part of Mrs. Carpenter in parking the car so that the vehicle extended out into the lane of travel. He found that this negligence was also imputed to Mr. Carpenter insofar as the property damage was concerned, and that these acts of negligence barred recovery by Mr. Carpenter of the property damage and by Mrs. Carpenter of her personal injuries. The court found that the defendant had no obligation to anticipate that plaintiff’s left rear door would be opened as he passed the parked automobile. Therefore, he found the defendant free of fault. The demands of the plaintiffs were therefore rejected at their cost.
An application for a new trial was made by the plaintiffs. They alleged that they had sought to secure the testimony of a Mrs. Anna McFarland who was a witness to the accident, but who had been unable to be served with subpoena because of her absence from the state. They alleged that *817 she was now within the jurisdiction of the court and that her testimony would be available to the court. An order was signed granting the plaintiffs time in which to secure the testimony of Mrs. McFarland. After submitting this additional evidence to the trial court, an opinion was rendered indicating that the testimony of Mrs. McFarland who was seated in the plaintiff’s car at the time of the accident did not change the original opinion of the court. The court found as a matter of fact that Mrs. McFarland was not able to tell whether the left rear door was open or closed at the time it was struck by the defendant’s vehicle, and that at the precise moment of the impact she was sitting in the middle of the back seat looking straight ahead. Additionally, the testimony of Mrs. McFarland added nothing to the issue of whether or not the plaintiff’s vehicle was properly parked at the time of the collision. The original opinion of the court was affirmed and the claims of the plaintiffs were rejected at their cost.
A devolutive appeal was subsequently filed by the plaintiffs.
The appellants argue on appeal, that, based on the evidence presented at trial, there was no reasonable evidence upon which a judgment in favor of the defendants could be justified. They argue that the function of the trial court is to evaluate the evidence presented and determine if the plaintiff has proved his case by a preponderance of the evidence. The decision of the trial court will not be set aside in the absence of manifest error on its part. There must, however, be some reasonable evidence upon which the trial court bases its decision. In support of their argument that the trial judge’s decision should be reversed, the appellants argue that the testimony of the witnesses to the accident indicate that the left rear door of the plaintiff’s vehicle was not open at the time of the collision. They argue that the only evidence supporting the conclusion that the door was open is the testimony of the auto-mobile repairman who was not a witness to the actual event. They argue that the repairman was not qualified as an expert in accident reconstruction, and that his testimony should be given no more weight than any other unskilled witness with regard to how the accident took place.
Our review of this record indicates a reasonable basis for the factual findings of the trial court. The testimony of Mr. Louis Huddleston, a body repairman from the Carter Motor Company, indicates that the door was partially opened at the time of the impact. The following questions and answers during Mr. Huddleston’s direct examination illustrate the physical evidence supports the trial judge’s finding of fact in this regard:
“Q. Could you tell the Court what portion of the automobile was damaged?
A. The left rear door.
Q. With respect to the left rear door, could you tell from your examination the point of impact on the left rear door ?
The back of the door where the lock fits.
Is that the part that is usually hidden when the car door is closed? a
That’s right. >
From your examination, the impact occurred on the back of the automobile door ? ¡o
Yes, sir, on the back of the door. >
What did that do to the automobile door? io
Tore it up, just ruined it, tore it all to pieces.
Could you explain to the Court exactly what the door looked like at the time of your examination? a
Well, it had been hit on the back edge, and just spread, just pushed out.
*818 Q. You mean bubbled out?
A. More or less bubbled either way, on the inside and on the outside.
Q. Did your examination show that the door may have been pushed in from an impact in a place other that the back of the door?
A. No, sir. It was hit on the back.” (Tr. 62-63)
Although the plaintiffs’ witnesses indicated that the door had not been opened just prior to the accident, the physical evidence, as testified to by Mr. Huddleston, fully supports the conclusion that the door had in fact been opened at the time of the collision. Finding that the record adequately supports the conclusion of the trial judge that the defendant was not negligent, we will not discuss the alleged negligence of the plaintiffs and their children.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiffs-appellants’ cost.
Affirmed.